# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50091
consolidated with
No. 24-50095
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Pablo Hector Galaviz-Lopez,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:23-CR-65-1, 4:20-CR-568-1

_____

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Pablo Hector Galaviz-Lopez appeals his conviction and sentence for illegal reentry into the United States, as well as the order revoking the term of supervised release he was serving at the time of the offense. Regarding the illegal reentry offense, he argues that 8 U.S.C. § 1326(b) is unconstitutional

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

because it allows a sentence above the otherwise applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Because Galaviz-Lopez does not address the revocation or the revocation sentence, he has abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Galaviz-Lopez has filed an unopposed motion for summary disposition and a letter brief correctly conceding that the only issue he raises is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). He explains that he has raised the issue to preserve it for possible further review. Accordingly, because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Galaviz-Lopez's motion is GRANTED, and the district court's judgments are AFFIRMED.